UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

SHEILA WELRESS,                  )
                                 )
        Plaintiff,               )
                                 )
        v.                       )    C.A. No. 20-11639-WGY
                                 )
THE CLAM MAN, et al.,            )
                                 )
        Defendants.              )

**ORDER**

**September 21, 2020**

YOUNG, D.J.

On September 17, 2020, an individual identifying herself as Sheila Welress filed a *pro se* complaint [ECF #1] against a Massachusetts establishment named "The Clam Man." She also filed motions to proceed under a pseudonym [ECF #2][1] and for leave to proceed *in forma pauperis* [ECF #3].

For the reasons stated below, the Court orders that this action be DISMISSED without prejudice for lack of subject matter jurisdiction and that the motions be terminated as moot.

I.   BACKGROUND

According to Welress, on September 16 (presumably in 2020), she purchased several items from The Clam Man, as she had done on previous occasions. After her purchase, when she was outside

---

[1] The plaintiff did not provide any name other than "Sheila Welress." The Court assumes that "Sheila Welress" is a pseudonym.

in the "Curbside Pick-Up" area of the establishment, a male employee of The Clam Man began to verbally harass Welress. When the harassment continued to escalate, Welress forcefully told the employee to stop harassing her. The employee then appeared to call the police on his phone and stated, "You're dead." He also told Welress that she was no longer permitted to enter the property of The Clam Man.

Welress seeks damages in the amount of $1,000 "for the harassment, degradation of character, and inconvenience she will experience in travelling to another city to purchase seafood." Compl. ¶ 17.

**II. DISCUSSION**

Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). Federal district courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"). "The existence of subject-matter jurisdiction 'is never presumed.'" *Fafel*, 399 F.3d at 410 (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir.

1998)).  Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established."  *Id.*  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Here, the Court does not have federal question subject matter jurisdiction under § 1331.  Welress does not identify, nor can the Court discern, and claim arising under federal law.  The Clam Man appears to be a private business and its employee a private person.  Thus, any recovery under 42 U.S.C. § 1983 is precluded because the defendants were not acting under of state law.  Even liberally construing the complaint, there is no suggestion in the pleading that Welress's claim arises under federal law.

Further, the Court does not have diversity subject matter jurisdiction under § 1332.  While the parties may be of diverse citizenship,[2] the amount in controversy does not exceed $75,000.  The only relief Welress seeks is $1,000 in damages.

### III. CONCLUSION

Accordingly, this action is DISMISSED without prejudice for lack of subject matter jurisdiction.  This dismissal is without

---

[2] Welress represents that she "is not a resident of the Commonwealth of Massachusetts, but a citizen of the United States," and that "the defendant operates a business in the Commonwealth."  Compl. ¶¶ 1-2.

prejudice to Welress bringing her claim in the appropriate state court.

The motions to proceed under a pseudonym and for leave to proceed *in forma pauperis* shall be terminated as moot.

SO ORDERED.

                                 /s/ William G. Young  
                                 WILLIAM G. YOUNG  
                                 UNITED STATES DISTRICT JUDGE